# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-098 |
| | * | |
| LARRY MEMINGER, JR. | * | |

# O R D E R

Pending before the Court is Defendant Larry Meminger, Jr.'s motion to exclude evidence offered under Federal Rule of Evidence 404(b), and a joint motion for hearing and to continue jury selection and trial. (Docs. 21, 22.) Defendant's motion to exclude is in response to the United States' notice of intent to use such evidence filed in accordance with Federal Rule of Evidence 404(b)(2) and Local Rule 16.2. Defendant is charged with one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). The charge stems from an incident on or about May 3, 2018, when Defendant was shot in the neck; the United States alleges that Defendant accidentally shot himself, while Defendant contends that he was the victim of a crime. Defendant's motion to exclude is **DENIED** for the following reasons. The joint motion for hearing and to continue jury selection and trial is **DENIED IN PART AS MOOT** and **GRANTED IN PART**.

## I. Background

The United States intends to offer two instances of Defendant's other crimes, wrongs, or acts (the "404(b) evidence") to establish Defendant's "intent, knowledge, and absence of mistake or accident." (Notice of Intent to Offer Proof of Other Crimes, Wrongs, and Acts, Doc. 14, at 3.) The first instance occurred on October 14, 2018. On that date, Defendant's mother, Naomi Gifford, reported to the Richmond County Sheriff's Office that Defendant had brandished a firearm and used it to strike her. That instance resulted in indictments at the state level which are pending until the resolution of this case. The second instance was on December 1, 2018. Defendant's ex-girlfriend, Jackie Blount, who is the United States' principal witness in the instant case, reported to the Richmond County Sheriff's Office that Defendant was banging on her back door while holding a firearm. The United States intends to present evidence of these two instances in the form of police body camera footage of the witnesses and recordings of Ms. Blount and Ms. Gifford.

## II. Legal Standard

Courts in the Eleventh Circuit apply a three-factor test when determining the admissibility of other crimes, wrongs, and acts under Rule 404(b). See United States v. Brooks, 426 F. App'x 878, 881 (11th Cir. 2011) (per curiam).

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992). Determining whether evidence is more probative than prejudicial under the third factor involves a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Brooks, 426 F. App'x at 881 (quotation omitted). District courts enjoy broad discretion in making this assessment but must remember that excluding evidence under the rule is an extraordinary remedy and that "the balance should be struck in favor of admissibility." Id. (quotation omitted).

### III. Discussion

A. Motion to Exclude

The first factor is the relevance of the 404(b) evidence to an issue other than Defendant's character or propensity. The evidence the United States seeks to admit is relevant for its offered purposes of demonstrating Defendant's knowledge and absence of mistake. The Defendant's knowledge and absence of

3

mistake are relevant to rebutting his defense that the incident on May 3, 2018 was the result of a crime. See generally Fed. R. Evid. 401.

The second factor asks whether the other wrongs can be established by evidence sufficient to support a jury finding by a preponderance of the evidence that the Defendant committed the wrong. United States v. Green, 873 F.3d 846, 864 (11th Cir. 2017) ("To have Rule 404(b) prior act evidence admitted, the proponent need only provide enough evidence for the trial court to be able to conclude that the jury could find, by a preponderance of the evidence, that the prior act had been proved.")

Often, this factor is easily satisfied with evidence of a conviction. See United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (stating that evidence of a conviction plainly satisfies Miller's second factor). Here, the United States does not have conviction evidence, instead relying on testimony and video recordings of Ms. Blount and Ms. Gifford's statements. These recordings and testimony would be sufficient for a jury to find that Defendant did possess a firearm on the other two occasions. Defendant notes that the witnesses have retracted their accounts in varying degrees and argues that therefore a jury could not find that the Defendant perpetrated the acts in the 404(b) evidence. However, a reasonable jury could make the determination that the witnesses' statements implicating Defendant – which were made

almost immediately after the alleged incidents - are more credible than their later retractions, especially given Ms. Gifford and Ms. Blount's close relationship with Defendant. The Court need not make this credibility determination when judging the admissibility of evidence; rather, the Court need only determine that a jury could properly make the determination. See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) ("It is well established that credibility determinations are the exclusive province of the jury." (quotation omitted).) Thus, the second factor is satisfied.

The third factor requires the Court to balance the evidence's probative value against its potential for unfair prejudice and the other Rule 403 considerations. The evidence tends to demonstrate Defendant's knowing possession of the firearm specified in the indictment. The Eleventh Circuit held as much in United States v. Jernigan. See Jernigan, 341 F.3d at 1281-82 ("Put simply, the fact that [the defendant] knowingly possessed a firearm in a car on a previous occasion makes it more likely that he *knowingly* did so this time as well, and not because of accident or mistake." (emphasis original).) The temporal proximity of the charged crime to the other wrongs also weighs in favor of admission. The charged crime allegedly took place on May 3, 2018, while the other acts took place within approximately six months. This span of time is

5

not so long as to render the three incidents irrelevant to one another.

That said, the 404(b) evidence's potential for unfair prejudice is high in this case. For example, a jury might convict Defendant not for the crime charged in the indictment but for one of the other acts. Or, Defendant might be found guilty based on a perceived propensity for possessing firearms. However, limiting instructions will adequately reduce the risk of the jury considering the 404(b) evidence in an improper manner. See Jernigan, 341 F.3d at 1282 (acknowledging that limiting instructions can mitigate the risk of unfair prejudice when evidence of other crimes is admitted (citing Calderon, 127 F.3d at 1333)).

## B. Joint Motion for Hearing and to Continue Jury Selection and Trial

The Court has determined that Defendant's motion to exclude evidence could be decided upon the record and the joint motion for hearing did not establish new grounds for conducting a hearing. Accordingly, the joint motion for hearing is denied as moot.

Upon consideration of the joint motion to continue jury selection and trial, the Court finds that as a matter of fact and law, the motion is not filed for the purpose of delay, but in furtherance of justice. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by

granting the continuance outweigh the interests of the public and Defendant in a speedy trial. The time between the making of the motion and the new trial date shall be excluded from the time calculation under the Speedy Trial Act.

### IV. Conclusion

After considering the three factors above - including the preference of admissibility and the effect of a limiting instruction - the Court concludes that the prejudicial nature of the 404(b) evidence does not substantially outweigh its probative value. Upon the foregoing, Defendant's motion to exclude Rule 404(b) evidence (doc. 21.) is **DENIED**. The Parties' Joint motion for hearing and continuance (doc. 28) is **DENIED IN PART AS MOOT** and **GRANTED IN PART** in accordance with the foregoing.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of December, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA